WILLIAM H. CLAY *vs.* PEOPLES RAILWAY COMPANY, a corporation of the State of Delaware.

*Personal Injuries—City Railway—Public Highway—Use of—Negligence—Street Crossing—Care Required—Damages.*

1. The right of the railway company, and the right of the public, must each be exercised with due regard to the right of the other, and the right of each must be exercised in a reasonable and careful manner so as not unreasonably to abridge or interfere with the right of the other.

2. It is the duty of the company to use reasonable care in operating its cars, to move its cars at a reasonable rate of speed, and to slow up or stop if need be where danger is imminent.

3. There is a like duty of exercising reasonable care on the part of the people using the public highway, to stop, and if need be, to turn out when danger is threatened.

4. The person in the management of the car, and the person in the management of the vehicle, are both bound to the reasonable use of their sight and hearing for the prevention of accident, and to the exercise of such reasonable caution as an ordinarily careful and prudent person would use under like circumstances.

5. In approaching the crossing of a street in general use by the public, increased care should be exercised by the person in charge of the car to avoid collision with persons or vehicles who may be traveling on such streets. He should not approach such crossing at a dangerous speed or without giving due and timely warning; and if his view is obstructed by buildings or otherwise, his care and diligence should be increased in proportion to such conditions.

6. The motorman, and the driver of the vehicle, have each the right to presume that the other will act as a reasonable person under all the circumstances of the occasion, until the contrary appears.

(*November* 25, 1908.)

LORE, C. J., and SPRUANCE, and BOYCE, J. J., sitting.

*Daniel O. Hastings* for plaintiff.

*Robert H. Richards* for defendant.

Superior Court, New Castle County, November Term, 1908.

ACTION ON THE CASE (No. 136, September Term, 1907), to recover damages for personal injuries to plaintiff and for injuries to his horse and wagon, occasioned by a collision between an electric car of the defendant and a wagon of the plaintiff, in which he was riding, at or near the intersection of Second and Market Streets in Wilmington, on August twenty-first, 1907.

SPRUANCE, J., charging the jury:

Gentlemen of the jury:—This action was brought to recover damages for injuries occasioned by a collision between an electric car of the defendant company and a wagon of the plaintiff in which he was riding, at or near the intersection of Second and Market Streets in the City of Wilmington, on the twenty-first of August, 1907.

The plaintiff claims that he was exercising due and proper care and diligence and that the sole cause of the collision was the negligence of the defendant company in not checking or stopping the car before coming in contact with the wagon; and that by reason thereof his wagon was broken and damaged, his horse injured and himself greatly injured.

The defendant claims that the proper signal of the approach of the car was given in due time, that the speed of the car was moderate, that the motorman exercised due care and diligence in attempting to avoid the collision, and that the accident was not due to any neglect or default on the part of the company or any of its servants, but was solely due to the negligence of the plaintiff in driving his wagon upon the railway track in front of the approaching car.

The defendant also contends that even if there was some negligence on its part, there was negligence on the part of the plaintiff which would defeat his claim for damages.

Second and Market Streets are public highways. The defendant company uses, and has the right to use, Second Street for the purposes of its railway thereon and the public have the right to use Second and Markets Streets for the ordinary purposes of a public street.

The railway company and the public are required by law to use due and proper care in the exercise of their respective rights.

The right of each must be exercised with due regard to the right of the other and the right of each must be exercised in a reasonable and careful manner so as not unreasonably to abridge or interfere with the right of the other. It is the duty of the company to use reasonable care in operating its cars, to move its cars at a reasonable rate of speed and to slow up or stop if need be where danger is imminent.

There is a like duty of exercising reasonable care on the part of the people using such highway, to stop, and if need be, to turn out when danger is threatened. The acts which should be done by a person in the management of an electric car and by one in the management of a wagon approaching a railway crossing depend upon the circumstances of each case, and the degree of care required differs in different cases. The general rule is that the person in the management of the car and the person in the management of the wagon are bound to the reasonable use of their sight and hearing for the prevention of accident and to the exercise of such reasonable caution as an ordinarily careful and prudent person would use under like circumstances.

There can be no recovery in this case unless the injury to the plaintiff's person and property was occasioned by the negligence of the defendant company.

Negligence is the failure to use such care as a reasonably prudent and careful person would exercise under similar circumstances.

Negligence is not presumed, but must be proved, and the burden of proving it is upon the party by whom it is alleged. In the joint use of a public street by ordinary vehicles and electric cars, those in charge of each are requested to exercise due and proper care to avoid collisions.

What is due and proper care depends upon the facts and circumstances of each case. Where there is more than ordinary danger a proportionate increase of care and diligence is required of both. In approaching the crossing of a street in general use

by the public, increased care should be exercised by the person in charge of the car to avoid collision with persons or vehicles who may be traveling on such street.

He should not approach such crossing at a dangerous speed or without giving due and timely warning of his approach; and if his view is obstructed by buildings or otherwise, his care and diligence should be increased in proportion to such conditions. If he fails to use the care and diligence which is reasonable under the circumstances the company is guilty of negligence.

A person in charge of a vehicle approaching a railway crossing is bound to the reasonable use of his senses for the prevention of accident, and also to the exercise of such reasonable caution as an ordinarily careful and prudent person would exercise in like circumstances.

A person approaching a railway crossing with which he is familiar is bound to avail himself of his knowledge of the locality and act accordingly. If as he approaches the crossing his line of vision is unobstructed he is bound to look for approaching cars, and if his line of vision is obscured he should exercise increased care and caution in proportion to such conditions.

The motorman and the driver of the wagon had each the right to presume that the other would act as a reasonable person under all the circumstances of the occasion, until the contrary appeared.

If the injury to the plaintiff or his property was caused by the negligence of the defendant's servant, without negligence on the part of the plaintiff, your verdict should be for the plaintiff; but if such injury was caused by the concurrent negligence of both parties, the plaintiff would be guilty of contributory negligence and your verdict should be for the defendant, as the law in such case does not weigh and balance the degree of negligence attributable to each party.

Your verdict should be for that party in whose favor is the preponderance or greater weight of the evidence.

The plaintiff would be entitled to recover notwithstanding there had been negligence on his part, if it was the negligence of

the defendant alone that was the proximate and immediate cause of the collision; if, in other words, notwithstanding any previous negligence of the plaintiff, the company could have prevented the accident by the use of ordinary and reasonable care, your verdict should be for the plaintiff. If the plaintiff had negligently gone upon the track upon which the car was approaching without looking and was so there at the time of the accident, yet if the motorman saw, or by the reasonable exercise of his senses could have seen the plaintiff's wagon on or near the track in time to stop the car and avoid the accident, it was his duty to do so, and if he failed to do so the company would be liable. If, however, the plaintiff moved from a position of safety to a position of danger near or upon the track of the railway on which the car was running so suddenly as to make it impossible for the motorman to stop the car before the collision, the defendant cannot be held liable for the resulting injury to the plaintiff or his property. If the motorman after he saw, or by the exercise of reasonable care could have seen, the plaintiff in a position of danger, did everything that a reasonable carful and prudent person would do under like circumstances to prevent the accident, the defendant would not be liable.

I your verdict should be for the plaintiff, it should be for such sum as will reasonably compensate him for the injury to his property and person, including therein his pain and suffering, his loss of power to perform labor in the past and in the future which may be found by you to be the result of the injuries sustained by him; also his loss of time occasioned by such injuries, and also his expenses for medicine and medical attendance incurred by reason of such injuries; and if such injuries are of a permanent character you should consider that fact in determining the amount of his damages.

Verdict for plaintiff for $200.